UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**JASON DEAN BORDEN** *et al.*                                                         **PLAINTIFFS**

**v.**                                               **CIVIL ACTION NO. 1:15CV-P29-GNS**

**FEDERAL DEFENDERS OFFICE** *et al.*                                 **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Jason Dean Borden,[1] a federal pretrial detainee incarcerated at the Grayson County Detention Center, filed a *pro se* complaint (DN 1) under *Bivens v. Six Unknown Fed. Narcotics Agents* against two Defendants in their individual and official capacities: "Federal Defenders Office" and "U.S. District Court Pros. Office." Thereafter, Borden filed an amendment (DN 15) to the complaint, seeking also to bring his claims under the Americans with Disabilities Act (ADA), the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Federal Tort Claims Act (FTCA). He then filed a motion (DN 16) seeking to clarify that "indeed Patrick Bouldin facially is known as Federal Defenders Office [Defendant]." The Court granted (DN 36) the motion and directed the Clerk of Court to add Patrick Bouldin as a Defendant and to terminate the "Federal Defenders Office" as a Defendant.

This matter is currently before the Court on initial screening of the complaint and its amendment pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

**I.**

In the complaint, Borden (who also refers to himself as "Movant") alleges as follows:

> The Movant along with his Paternal Adult Payee "Mother" "Nancy Sue Douglas" here by swears and confirms that On or Before Feb 20, 2015 the

---

[1] Plaintiff Nancy Sue Douglas has been dismissed by separate Memorandum and Order (DN 24) pursuant to Fed. R. Civ. P. 41(b).

U.S. District Court Prosecutor used direct conflict of counsel, Direct contact with family of Movant to force and/or use extreme illegal (Constitution Rights Illegal Violations) to confront The Adult Payee, threaten the Adult Payee via direct cohersion of Guilty Plea, while being in Tears the Pros. Did in fact by force of her office threaten The Adult Payee for the Mentally Disabled Movant, in comments, in tears, and with extreme malicious intent. On or After this same contact with the Movants Adult Payee listed in this Suit, the Federal Defender Contacted the same Adult Payee for the Movant and with same malicious intent threaten The Movant and the Adult Payee to Enter Plea of Guilty, same as U.S. District Court Pros. Attempted to Force Movant to Enter Plea of Guilty by using his Adult Payee who was threatened "very seriously."

Wherefore the Movant hereby swears and confirms that it is now required, and this serious violation requires this Court to enter on behalf of The Movant and his Adult Payee an appointed advocacy. A Blond/Male Federal Defender working out of The listed address with the U.S. District Court Pros. Has used their official influence with malicious intentions, and in their unofficial purpose both cried and attempted to cohearse the Movants Adult Payee to obtain a Guilty Plea Agreement, when in fact the 100% mentally Disabled (Neuropsychological defects) of the Movant and the Rights of his Adult Payee, who isnt acting as counsel, who had no Federal Court experience, who is threatened an now needs Appointed counsel for the Nashville Tenn. U.S. District Court Defenders as well as the Movant's Appointed Counsel who has committed these acts of violence, and illegal violations of the Rights of the Movant, Adult Payee, and/or all parties who have not been indicted, and a evidentiary hearing is needed as well as Vacatur here of all charges against the Movant, with Appointment of Jerry Gonzalez Consel for Movant and Adult Payee.

As relief, Borden seeks monetary and punitive damages and injunctions in the form of vacatur of all charges against him and appointment of counsel Jerry Gonzalez to represent him.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

#### A. Bivens Claims

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the U.S. Supreme Court "recognized for the first time an implied private action for damages against federal officers

alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996), and decisional law developed under § 1983 has been fully applied to *Bivens* suits. *Butz v. Economou*, 438 U.S. 478, 498-504 (1978).

Plaintiff sues Defendants in both their individual and official capacities. However, "a *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). The Court, therefore, will dismiss the *Bivens* claims brought against Defendants in their official capacity.

For the reasons that follow, the Court will also dismiss the *Bivens* claims brought against Defendants in their individual capacity.

### 1. *Defendant Bouldin*

Defendant Bouldin is an assistant federal public defender, who the Court originally appointed to represent Borden in his pending criminal action, 1:15CR-4-GNS-1.[2] To state a claim under *Bivens*, a plaintiff must allege that a federal officer acted under federal law to deprive plaintiff of a constitutional right. *Bivens,* 403 U.S. at 389. A federal public defender, however, is not a federal officer acting under color of federal law for purposes of a *Bivens* action. *See Polk Cty. v. Dodson*, 454 U.S. 312, 320-21 (1981) (concluding that a public defender does not act under color of state law for purposes of § 1983); *Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998) (referencing *Polk* and concluding that just as a court-appointed attorney is not a state actor under § 1983 that "an attorney appointed to

---

[2] The Court has since relieved Defendant Bouldin of his appointment in Borden's criminal action and has appointed Borden other counsel.

4

represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens* action"); *Bradford v. Shankman*, No. 85-5150, 1985 WL 13659, at *1 (6th Cir. Aug. 8, 1985) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a *Bivens* action."); *Arnold v. Greeley*, No. 2:14-CV-58, 2014 WL 1878914, at *3 (W.D. Mich. May 12, 2014) ("[C]ourts have held that a court-appointed attorney, whether in state court or federal court, is not acting under color of law."). Accordingly, the Court will dismiss the *Bivens* claims against Defendant Bouldin.

### *2. Defendant Prosecutor*

"[O]fficials enjoy absolute immunity from civil liability related to their performance of 'prosecutorial' functions." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits." *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "Meanwhile, functions which are more 'investigative' or 'administrative' in nature, because they are more removed from the judicial process, are subject only to qualified immunity." *Id.* (quoting *Burns*, 500 U.S. at 486).

Turning to the issue at hand, courts also have held that "plea bargains are 'so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity.'" *Rouse v. Stacy*, 478 F. App'x 945, 951 (6th Cir. 2012) (quoting *Cady v. Arenac Cty.*, 574 F.3d 334, 341 (6th Cir. 2009)); *Taylor v. Kavanagh*, 492 F. Supp. 386, 390 (S.D.N.Y. 1980) ("If damage actions are allowed against prosecutors for activities in the plea bargaining process, this would present a substantial threat of unfounded, malicious suits. Just as with other phases of a prosecutor's activities, the detrimental effect of unfounded damage

suits would outweigh any salutary effect of those with merit."), *aff'd*, 640 F.2d 450 (2d Cir. 1981). Despite Plaintiff's broad allegations that the prosecutor "threatened" him with "malicious intent" to enter a guilty plea, the Court finds that the Defendant prosecutor is entitled to absolute prosecutorial immunity for his or her actions during plea negotiations with Plaintiff. *See Rouse*, 478 F. App'x at 951) ("[I]t is beyond question that a prosecutor's plea bargaining activities, regardless of motive, warrant absolute immunity.").

Consequently, the *Bivens* claims against the Defendant prosecutor will be dismissed.

### 3. *Injunctive Relief*

Because *Bivens* claims are claims for *damages*, the *Bivens* claims for injunctive relief cannot lie. Even if they could, Plaintiff's request for vacatur of all charges against him and appointment of counsel Jerry Gonzalez to represent him must be dismissed. Plaintiff has a criminal action, 1:15CR-4-GNS-1, currently pending against him. He cannot seek dismissal of the criminal charges against him in this civil action. Moreover, to the extent he seeks appointment of counsel in his criminal case, such a motion must be filed in the criminal case. To the extent he seeks appointment of counsel in the instant civil action, the Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel and that the documents filed by Plaintiff in this (and several of his other actions) reveals that, despite his claimed neurological defects, he is sufficiently articulate and able to present his case to the Court. The Court, therefore, finds that Plaintiff has not shown extraordinary circumstances warranting appointment under 28 U.S.C. § 1915(e).

For these reasons, the *Bivens* claims for injunctive relief will be dismissed.

### B. ADA

Plaintiff fails to explain how Defendants allegedly violated the ADA and fails to cite to any provision(s) of the Act. The Court concludes that Borden's mention of a mental disability and unspecified threats made by Defendants in the plea negotiation process is insufficient to state a claim under the ADA. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff's purported claims under the ADA must therefore be dismissed.

### C. FTCA

As to any FTCA claims Plaintiff seeks to bring, 28 U.S.C. § 2675(a) provides,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail*.

(emphasis added). Plaintiff, however, has not alleged exhaustion of administrative remedies associated with that Act prior to bringing an action in federal court.[3] The Court, therefore, will dismiss Plaintiff's FTCA claims without prejudice.

### D. RLUIPA

RLUIPA prohibits prisons receiving federal funds from imposing "a substantial burden on the religious exercise" of a prisoner unless prison officials can demonstrate that "imposition of the burden on that person -- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Clearly, this Act is inapplicable in this case, and the claims brought under it will be dismissed.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: December 7, 2015

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
    Defendants
4416.005

---

[3] To a prematurely filed motion for summary judgment (DN 18), Plaintiff attaches an FTCA claim form entitled "Claim for Damage, Injury, or Death." The form is dated August 11, 2015, which is after he filed the instant action, and it does not show that the administrative remedy process has been completed.